IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ERB,

    Petitioner,                          No. CIV S-07-2601 LKK EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

                                ORDER AND
    Respondents.                FINDINGS AND RECOMMENDATIONS
_____/

Petitioner, a former state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss this action on the ground petitioner failed to exhaust state remedies. Petitioner, in opposition, asserts that his claims are now exhausted. Petitioner has also filed a "Motion to Return Property" and a "Motion and Request for Equitable Tolling." For the reasons explained below, the court finds that all three motions must be denied.

**I.    Background**

On August 4, 2005, in the San Joaquin County Superior Court, petitioner was convicted, upon his plea of guilty, of securities fraud. Am. Pet. ("Pet.") at 2. The trial court sentenced him to a term of seven years in state prison. *Id.* Petitioner now challenges that judgment of conviction and raises the following six grounds for relief: (1) that his plea of guilty was the

1

product of the ineffective assistance of counsel; (2) that his plea of guilty was coerced; (3) that counsel was ineffective for failing to file a motion to suppress evidence; (4) that the statute under which he was convicted is vague and overbroad; (5) that his sentence exceeded the statutory maximum; and (6) that the trial court was biased against him, as shown by the trial court's denial of bail.  Pet. at 5-6.

**II.     Motion to Dismiss for Failure to Exhaust State Remedies**

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  A claim is unexhausted if any state remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court).   Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.  For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to

California Supreme Court in a petition for review).

Respondents argue that none of petitioner's six claims have been exhausted because they have not been fairly presented to the California Supreme Court. Resps.' Mot. to Dism. at 5. However, on September 15, 2008, petitioner filed an opposition brief, wherein he informed the court that he was attempting to exhaust his claims in the California Supreme Court.[1] Pet.'s Opp'n at 2. Thereafter, petitioner filed with the court a copy of his California Supreme Court petition, which raises the same six claims as those raised in the instant petition, as well as the California Supreme Court's denial of his petition. Docket No. 27 (copy of California Supreme Court petition); Docket No. 33 at 5 (copy of California Supreme Court's denial of petition). While petitioner's claims may not have been exhausted at the time he filed the instant petition, they are now exhausted. *See Castronuevo v. Long*, 2006 U.S. Dist. LEXIS 58923 (E.D. Cal. Aug. 17, 2006). Thus, the court concludes that respondent's motion to dismiss should be denied.[2]

////

////

---

[1] Petitioner also requested that the court stay his federal petition and hold it in abeyance while he exhausts his claims. Pet.'s Opp'n at 3-4. In light of the finding herein that petitioner's claims are now exhausted, this request is moot. *See Genniro v. Salazar*, 2008 U.S. Dist. LEXIS 52903 (C.D. Cal. July 9, 2008).

[2] In response to petitioner's request for equitable tolling, discussed in section IV, respondents argue that the instant petition remains "wholly unexhausted." Resps.' Opp'n to Pet.'s Mot. for Equitable Tolling ("Resps.' Opp'n") at 4. However, the exhaustion requirement only means that "[a] state prisoner is required to exhaust all available state court remedies *before a federal court may grant him habeas relief*." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (emphasis added); *see also Hunt v. Pliler*, 336 F.3d 839, 846-47 (9th Cir. 2003). As stated above, exhaustion is now complete. Respondents add that while "[p]etitioner contends" that he has exhausted his claims, "[he] has not [] moved to amend his federal petition to add any claims." Resps.' Opp'n at 3. To the extent respondents are suggesting that petitioner must amend his petition before the court can find that his claims are exhausted, they are in error. *Cf. Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that "a district court must dismiss 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."). Here, the current petition pending before the court is not mixed, as it contains only exhausted claims.

3

### III. Motion to Return Property

On September 17, 2008, petitioner filed a document styled "Motion and Memorandum of Points and Authorities in Support of Motion to Return Property under P.C. # 1539 & 1540 and Suppress Evidence under P.C. # 1538.5 from (3) Search Warrants issued by Calaveras County." It appears that petitioner seeks: (1) the return of property seized pursuant to a search warrant by Calaveras County, California officials; and (2) an order suppressing the evidence seized pursuant to the search warrant and forbidding its use in a criminal prosecution.

This action is proceeding on petitioner's amended petition for federal habeas relief, and to the extent petitioner seeks to add new claims, he must do so by way of a new or an amended petition, as new grounds cannot be raised for the first time through other pleadings. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Furthermore, to the extent petitioner is requesting that this court issue an order based on state law, petitioner is reminded that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). For these reasons, petitioner's motion is denied.

### IV. Motion for Equitable Tolling

On November 24, 2008, petitioner filed a motion for equitable tolling. A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). As respondents point out in their opposition brief, however, they did not move to dismiss on the ground that the instant petition is untimely, but rather, on the ground it was unexhausted. Resps.' Opp'n at 3. Further, petitioner "timely filed his federal petition on December 4, 2007." *Id.* Thus, the doctrine of equitable tolling is simply inapplicable, and petitioner's motion is denied.

Accordingly, it is hereby ORDERED that petitioner's September 17, 2008 and November 24, 2008 motions (docket nos. 26, 34) are denied.

Further, it is hereby RECOMMENDED that:

1. Respondents' August 8, 2008 motion to dismiss be denied.

2. Respondent be directed to file and serve an answer, and not a motion, responding to the application within 60 days from the date of this order. *See* Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rule 5, Fed. R. Governing § 2254 Cases.

3. Petitioner's be directed that his reply, if any, shall be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE